CALIFORNIA FRUIT GROWERS EXCHANGE et al. v. SUNKIST BAKING CO.

No. 366.

District Court, S. D. Illinois, N. D.

Nov. 14, 1946.

Lyon & Lyon, of Los Angeles, Cal., and Leonard S. Lyon, Irwin L. Fuller, of Los Angeles, Cal., and Miller, Westervelt, Johnson & Thomason, of Peoria, Ill. (George E. Farrand, of Los Angeles, Cal., and Marshall P. Madison, of San Francisco, Cal., of counsel), for plaintiffs.

Francis J. Coyle, William Richard Stengel and Frances C. King, all of Rock Island, Ill., for appellant.

ADAIR, District Judge.

This cause came on for trial and the court, having heard the evidence and rendered its decision, now makes its Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as follows:

### Findings of Fact.

1. Plaintiff, California Fruit Growers Exchange, is a non-profit, cooperative marketing association incorporated under the laws of the State of California, with its principal place of business at Los Angeles, California, and is engaged primarily in marketing, distributing, and selling citrus fruits, including oranges, lemons, and grapefruit, throughout the United States and in foreign countries.

2. Plaintiff, California Packing Corporation, is a New York corporation, with its principal place of business at San Francisco, California, and is engaged in the selection, preparing, packing, and marketing of canned and dried fruits and vegetables, including raisins, throughout the United States and in foreign countries.

3. Plaintiff, California Fruit Growers Exchange, has employed the trade-mark "Sunkist" continuously since 1907, and has sold approximately Two Billion Three Hundred Forty-two Million Five Hundred Sixty-two Thousand Nine Hundred Twenty-eight and Seventy-seven Hundredths Dollars ($2,342,562,928.77) worth of goods bearing such trade-mark, and has expended approximately Forty Million One Hundred Twenty-seven Thousand Three Hundred Seven and Ninety-seven One Hundredths Dollars ($40,127,307.97) in advertising the same.

4. Certificates of registration for the trade-mark "Sunkist" have been issued by the United States Patent Office to plaintiff, California Fruit Growers Exchange, for oranges, lemons, citrus fruits, oils and acids, pectin, citrus-flavored, non-alcohlic maltless beverages as soft drinks, and concentrates for making the latter, all as set out in the Complaint in this action.

5. Plaintiff, California Packing Corporation, has employed the trade-mark "Sun-Kist" since 1907, and has sold approximately Fifty Million Dollars ($50,-000,000) worth of goods bearing said trade-mark, and has expended in excess of Three Hundred Fifty Thousand Dollars ($350,-000) in advertising the same.

6. Certificates of registration for the trade-mark "Sun-Kist" have been issued by the United States Patent Office to plaintiff, California Packing Corporation, for canned and dried fruits and vegetables, milk, butter, walnuts, catsup, pickles, olive oil, jams, jellies, olives, coffee, tea, beans, pineapple juice, grape juice, tomato juice, raisins, grapes, and various other products, all as set out in the Complaint in this action.

7. The joint and concurrent use of the trade-marks "Sunkist" and "Sun-Kist" by both plaintiffs has eventuated under and by virtue of an agreement between them, whereby each has granted the other the right to employ the mark on the goods aforesaid.

948

8. The defendant, Sunkist Baking Company, is a copartnership, organized October 18, 1943, the copartners being Harry S. Coin, Nick S. Coin, Joseph A. Gallagher, and Francis J. Coyle. These four persons continued as copartners until April 1, 1944, at which time the said Gallagher and said Coyle ceased to be copartners. This copartnership was formed for the purpose of acquiring and did acquire the baking business formerly carried on by Harry S. Coin and Nick S. Coin under the partnership name "Banquet Baking Co." The copartners are citizens, residents, and inhabitants of the State of Illinois, and are engaged in the business of baking and selling bread and buns, including white bread, whole-wheat bread, "Weet-Hart" bread, and raisin bread, under the firm name and style of "Sunkist Baking Co.," in and about Rock Island and Moline, Illinois, and Davenport, Iowa, and elsewhere in interstate commerce.

Each loaf of bread sold by the defendants is enclosed in a wrapper bearing the name "Sunkist Baking Co.," and also the words "Sunkist Bread."

The name "Sunkist Bread" appears upon a sign on the exterior of the place of business of the defendants, and upon the side panels of the trucks operated by them, and upon outdoor advertising signs, without any designation of the copartnership name.

9. In 1943 defendants improperly and unlawfully obtained registrations from the State of Illinois of the trade-mark "Sunkist Bread," Certificate No. 20,965, and from the State of Iowa for the trade-mark "Sunkist," Certificate No. 5,952.

10. Plaintiffs' and defendants' goods are sold in the same channels and may be consumed together.

11. Defendants have endeavored to appropriate and capitalize upon the trade-mark "Sunkist" of plaintiffs.

12. The use of the word "Sunkist" by the defendants is likely to cause confusion or mistake in the minds of the public and to deceive purchasers. Bread belongs to the same general class of merchandise as the fruit and canned fruits and vegetables marketed by plaintiffs. Defendants' bread bearing the word "Sunkist" as used by defendants would naturally or reasonably be supposed to come from plaintiffs.

13. The trade-marks "Sunkist" and "Sun-Kist" are purely fanciful in character, and to the public in general have acquired a secondary significance of being related to and associated with plaintiffs' products only.

14. The goods sold by plaintiffs under the trade-marks "Sunkist" and "Sun-Kist," and the bread and buns marketed by defendants bearing the name "Sunkist" and the name "Sunkist Baking Company" are goods of substantially the same descriptive properties.

15. By using the plaintiffs' trade-mark "Sunkist" in defendants' trade-name, the defendants have competed unfairly with plaintiffs and have been guilty of unfair trade practice.

Conclusions of Law

■ 1. The trade-marks "Sunkist" and "Sun-Kist" are good and valid trade-marks and the certificates of registration thereof, issued by the United States Patent Office, are the property of the plaintiffs.

■ 2. Defendants have infringed upon the registered trade-marks "Sunkist" and "Sun-Kist" owned by plaintiffs by use of the name "Sunkist" and the trade-name "Sunkist Baking Company."

■ 3. Defendants have competed unfairly with plaintiffs, and defendants have been guilty of unfair trade practices in employing the word "Sunkist" in defendants' trade-name, and in affixing the word "Sunkist" to the labels and wrappers on bread and buns sold by defendants.

4. The court has jurisdiction of the action for unfair competition by reason of the diversity of citizenship of the parties and the amount involved, being more than Three Thousand Dollars ($3,000), exclusive of interest and costs.

5. Defendants have not distinguished this action from the ruling of the Circuit Court of Appeals for this Circuit in California Fruit Growers Exchange and California Packing Corporation v. Windsor Beverages, Ltd. et al., 118 F.2d 149.

6. Defendants Joseph A. Gallagher and Francis J. Coyle have been dismissed and are no longer parties to this action.

7. Plaintiffs are entitled to the relief prayed for in their Complaint, including a mandatory injunction requiring the cancellation of the registrations of the "Sunkist" trade-mark by defendants.